IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN ROBERT WILLIAMS, III, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-24-2020 |
| CPL. JACKSON, | * | |
| Defendant. | * | |
| | * | |

***
## ORDER

Plaintiff John Robert Williams, III, who is incarcerated at Chesapeake Detention Facility ("CDF"), alleges, according to 42 U.S.C. § 1983, that while he was incarcerated at the Prince George's County Detention Center, Defendant Cpl. Jackson harassed him and had him removed from his job detail. (Compl. at 4–8, ECF No. 1). Williams was provided an opportunity to file an Amended Complaint, which he has now done. (ECF Nos. 4, 5). For the reasons discussed below, Williams' Complaint is subject to dismissal according to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.

Williams filed his Complaint together with a Motion to Proceed in Forma Pauperis. (ECF No. 6). The in forma pauperis statute permits an indigent litigant to initiate an action in federal court without paying the filing fee. See 28 U.S.C. § 1915(a). Because Williams' financial information demonstrates that he is indigent, his Motion for Leave to Proceed in Forma Pauperis will be granted.

To protect against abuse of the privilege to proceed without paying fees, 1915(e)(2)(B) and 1915A of 28 U.S.C. require a court to conduct an initial screening of this complaint and require dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); see also Lomax v. Ortiz-Marquez, 140 S.Ct. 1721 (2020). The Court also recognizes its obligation to liberally construe the pleadings of self-represented litigants such as Williams. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. Id. at 93 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). Liberal construction does not mean, however, that the Court can ignore a clear failure in the pleading to allege a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

In his Amended Complaint, Williams reiterates his claims that Jackson spoke "sharply" to him while he was performing his job of passing out tablets, that Jackson yelled at Williams and accused him of not sharing the newspaper with other detainees, and that Jackson subsequently removed Williams from his prison job which resulted in him also being removed from a drug program. (Am. Compl at 6–8, ECF No. 5)

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must make an allegation that a person acting at the direction of the State has deprived the plaintiff of a

right secured by the United States Constitution or another federal law.[1] See, e.g., Filarsky v. Delia, 566 U.S. 377 (2012); see also Owens v. Balt. City State's Attorney's Office, 767 F.3d 379 (4th Cir. 2014), cert. denied sub nom. Balt. City Police Dep't v. Owens, 575 U.S. 983 (2015). However, § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017).

"The first step in any such claim is to pinpoint the specific right that has been infringed." Safar, 859 F.3d at 245. To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Davison v. Randall, 912 F.3d 666, 679 (4th Cir. 2019); Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017); Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 (4th Cir. 2009); Jenkins v. Medford, 119 F.3d 1156, 1159–60 (4th Cir. 1997).

Williams' Amended Complaint must be dismissed because prisoners do not have a constitutional right to access programs, including employment, while incarcerated. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of

---

[1] Section 1983 provides in pertinent part that: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983.

3

his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." Meachum v. Fano, 427 U.S. 215, 224 (1976); see also Sandin v. Conner, 515 U.S. 472, 493 (1995) (requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest).

Additionally, verbal abuse of inmates by guards, without more, does not state a claim. Henslee v. Lewis, 153 Fed.App'x. 178, 180 (4th Cir. 2005); Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979); see Pink v. Lester, 52 F.3d 73, 75 (1995) ("[N]ot all undesirable behavior by state actors is unconstitutional.").

Williams has failed to state a clam and the Amended Complaint must be dismissed. Accordingly, it is this 2nd day of December, 2024, by the United States District Court for the District of Maryland, hereby:

ORDERED the Complaint is DISMISSED for failure to state a claim;

IT IS FURTHER ORDERED that Williams' Motion for Leave to Proceed in Forma Pauperis (ECF No. 6) is GRANTED;

IT IS FURTHER ORDERED that the Clerk CLOSE this case; and

IT IS FURTHER ORDERED that the Clerk mail a copy of this Order to Williams.

                                                     _____/s/_____
                                                     George L. Russell III
                                                     Chief United States District Judge